**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RONALD CLARK,                                                                    PLAINTIFF
ADC # 101466

v.                                         5:14CV00449-KGB-JJV

LARRY NORRIS, Interim Director,
Arkansas Department of Correction                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a  hearing is granted)

was not offered at  the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Ronald Clark ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this *pro se* action, pursuant to 42 U.S.C. § 1983, claiming Defendant Larry Norris violated his constitutional rights. After careful review of the documents submitted, the Court concludes that Plaintiff's Complaint (Doc. No. 2) should be dismissed for failure to state a claim upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,*

780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."   *Id.*

## III.   ANALYSIS

Plaintiff alleges that on July 15, 2014, while assigned as a law librarian clerk, he was stopped by two correctional officers outside the prison library.   (Doc. No. 2 at 1.)   Legal material that was to be delivered to other inmates was confiscated.   (*Id.*)   He received a disciplinary for: (1) unauthorized use of mail or telephone; (2) unauthorized use of state property; (3) insolence to a staff member; and (4) failure to obey orders from staff.   (*Id.* at 2.)   Plaintiff was found guilty of all counts at his disciplinary hearing and that decision was affirmed at each stage of the appeals process. (*Id.* at 2-3.)   Now, Plaintiff contends that he was wrongfully punished for providing legal assistance to other prisoners. (*Id.* at 4.)

The Court begins by noting that with regard to Defendant Norris, Plaintiff  alleges only that he affirmed the wrongful disciplinary conviction.   (*Id.* at 3.)   A false or improper disciplinary is not itself a constitutional violation, however.   *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).   Additionally, there is no absolute First Amendment right to communicate with other inmates concerning legal matters. *Bear v. Kautzky*, 305 F.3d 802, 805 (8th Cir. 2002).   The exhibits attached to Plaintiff's Complaint indicate that his disciplinary charges stem from a violation of an ADC policy which prohibits possession of another inmate's materials *outside* the law library.   (Doc. No.

2 at 9.)  Such restrictions are permissible insofar as they do not prevent inmates from exercising their constitutional rights.  *See Johnson v. Avery*, 393 U.S. 483, 490 (1969).  No such right was abrogated here.

The Court also finds that no viable due process claim exists.  To maintain a due process challenge to a prison disciplinary proceeding, an inmate must demonstrate that he has a liberty interest at stake.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Here, Plaintiff alleges that he was sentenced to thirty days in punitive isolation and reduced to class four as a result of his disciplinary conviction. (Doc. No. 2 at 2.)  Plaintiff has no liberty interest, however, in maintaining his classification or avoiding punitive isolation for thirty days.  *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Plaintiff also alleges that he lost three hundred and sixty five (365) days of good time as a result of his disciplinary conviction. (Doc. No. 2 at 2.)  In order to seek injunctive relief for the loss of these credits, however, Plaintiff was required to file a writ of habeas corpus rather than a section 1983 action.  *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).  This claim, therefore, also fails to give rise to an actionable due process challenge under section 1983.

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted;

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g);[1]

---

[1]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 18th day of March, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE